**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARMANDO EUGENE HICKS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-05-2180 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Armando Eugene Hicks, sues under 28 U.S.C. § 2254, challenging a 1999 conviction in the 262nd Judicial District Court of Harris County, Texas. The threshold issue is whether this federal petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**I.   Background**

Hicks pleaded guilty to aggravated robbery. (Cause Number 743623). On November 30, 1999, the court sentenced Hicks to a prison term of fifteen years. The Fourteenth Court of Appeals of Texas affirmed Hicks's conviction on September 20, 2000. Hicks did not file either a petition for discretionary review or an application for state habeas relief in the Texas Court of Criminal Appeals. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 3).

This court received Hicks's petition on June 20, 2005. The petition was filed when Hicks tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,*

149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Hicks deposited his federal petition in the prison mail on the date he signed it, June 14, 2005. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

In this federal petition, Hicks contends that his 1999 conviction is void for the following reasons: (1) the indictment was void; (2) he did not enter his guilty plea voluntarily; and (3) his confinement is illegal. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

## II.    Analysis

Hicks's petition is filed too late to be considered. A district court may *sua sponte* raise the issue of whether a federal petition is barred by the one-year limitation period under AEDPA. *See Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins to run when the judgment becomes final after an appeal or when the time for seeking final review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly-filed motion for state postconviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

Hicks is challenging a conviction that became final after the AEDPA's effective date. The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). Hicks's conviction became final when the time for filing a petition for discretionary review expired. The Fourteenth Court of Appeals affirmed Hicks's conviction on September 14, 2000, giving Hicks thirty days, or until October 14, 2000, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Hicks did not file a petition for

3

discretionary review.  The one-year limitations period ended on October 14, 2001.  Hicks waited until June 14, 2005 before filing his federal petition.

Hicks does not identify any grounds for equitable tolling and the record discloses none.  *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Liberally construed, Hicks argues that ineffective assistance rendered by appellate counsel should toll the one-year limitations period.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8).  The Fifth Circuit has held that while a criminal defendant has a right to effective assistance of counsel on a first appeal as of right, an alleged violation of that right does not toll the AEDPA's statute of limitations.  *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000).  The alleged violation of Hicks's Sixth Amendment right to effective assistance on appeal does not toll the limitations period.

Hicks may not rely on his status as an unskilled layperson to excuse the delay in filing this petition.  It is well settled that ignorance of the law and lack of legal assistance, even for

4

an incarcerated prisoner, do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992) (petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).

    Hicks does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Hicks from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Hicks's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Hicks has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his guilty plea in 1999. Hicks's federal petition is barred by the applicable statute of limitations.

## III.    Conclusion

Hicks's challenges to his 1999 conviction are DISMISSED as time-barred. Hicks's application to proceed as a pauper, (Docket Entry No. 2), is GRANTED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Hicks has not shown that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling.  Accordingly, a certificate of appealability is DENIED.

SIGNED on July 8, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge